UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY A. STEVENS,                )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    Case No. 3:15-CV-393 JD
                                   )
MARK SEVIER,                       )
                                   )
         Defendant.                )

OPINION AND ORDER

Timothy A. Stevens, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Stevens is currently incarcerated at the Westville Correctional Facility ("Westville"). In the amended complaint and accompanying documents, Stevens complains that Westville has a policy that does not allow him to store all of his legal materials on-site. This policy has deprived him the

opportunity to access some of his legal materials, which "leaves him hard-pressed to continue pursuing his appeal" in two post-conviction proceedings that he is litigating in Cause Nos. 3:13-CV-596 and 3:14-CV-1930. (DE 4 at 5.) This policy and practice, Stevens claims, infringes on his right to access the courts in his two post-conviction appeals.

Inmates have a First Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Stevens concedes that his post-conviction appeals are still pending. As such, there is no basis for inferring that he has suffered any actual injury in either of those cases. *see In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted). Stevens makes no mention of his post-conviction cases having been dismissed – nor does he suggest there has been any other concrete injury as a result of his inablity to access his legal materials.

It is possible that his prosecution of those cases has been hindered or delayed, but a mere delay in litigation is insufficient to demonstrate injury. "[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). In *Johnson*, the Seventh Circuit found that a delay of more than a year did not constitute actual injury because there was no indication that the adjudication of his post-conviction proceeding was adversely impacted by the delay. *Id.* The same is true here. Because Stevens has not alleged any actual injury in either post-conviction appeal, he "cannot prevail on his

2

access-to-courts claim." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (*citing Lewis v. Casey*, 518 U.S. 343, 350 (1996).

Because the facts alleged here do not permit the court to plausibly infer that Stevens' inability to access his legal materials has resulted in any actual injury to his post-conviction appeals, as written this amended complaint does not state a claim. However, if Stevens believes he is able to cure the deficiencies noted in this order and explain how the policy currently prejudices his ability to pursue these appeals, he may file a second amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Timothy A. Stevens;

(2) **GRANTS** the plaintiff until March 21, 2016, to file a second amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: February 18, 2016

                                                              /s/ JON E. DEGUILIO
                                                              Judge
                                                              United States District Court