UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY A. STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-393 JD |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Timothy A. Stevens, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983, complaining that Westville had a policy that did not allow him to store all of his legal materials on-site. He alleged this policy deprived him the opportunity to access some of his legal materials, which "le[ft] him hard-pressed to continue pursuing his appeal" in two post-conviction proceedings. (DE 4 at 5.) Because the facts alleged did not permit the court to plausibly infer that Stevens' inability to access his legal materials has resulted in any actual injury to his post-conviction appeals, the court found that he did not state a claim for which relief could be granted. Stevens was informed that if he could explain how the policy prejudiced his ability to pursue these appeals, he may file a second mended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Stevens has now filed a second amended complaint. (DE 12.)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to

state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Stevens is currently incarcerated at the Westville Correctional Facility ("Westville"). In his second amended complaint he alleges that Westville has a policy that does not allow him to store all of his legal materials on-site, which has deprived him the opportunity to access some of his legal materials. As a result of this limited access to his legal materials, he claims that his appeal stemming from Case No. 3:13-CV-596 has been hindered. Stevens further points out that this appeal has now been denied by the Seventh Circuit Court of Appeals.

As the court previously has explained, inmates have a First Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this is not an "abstract free-standing right." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (citation omitted). What is necessary is actual injury to a potentially meritorious claim. *Marshall*, 445 F.3d at 968; *Maxy*, 674 F.3d at 661.

Here, Stevens claims he suffered an actual injury when his appeal stemming from Case No. 3:13-CV-596 was denied by the Seventh Circuit Court of Appeals. (DE 12 at 4.) Though he states that his post-conviction appeal was denied and also that he was denied access to his legal materials, Stevens does not connect the dots between the two. He does not explain what meritorious claims he presented in that appeal nor does he explain how those claims were prejudiced by his limited access to his legal materials. Tellingly, a review of the docket in Case No. 3:13-CV-596 reveals that he did not have a potentially meritorious claim or that he suffered any actual injury due to his access to legal materials.

In Case No. 3:13-CV-596, a section 2254 habeas corpus case, Stevens made numerous filings, including a habeas petition, a request to proceed in forma pauperis, a request for appointment of counsel, a traverse and, after the case was dismissed, a notice of appeal. (See *Stevens v. Sevier*, 3:13-CV-596, filed June 14, 2013; DE 1, 2, 14, 16, 24.) Not once during those proceedings did Stevens allege that he was unable to effectively litigate in the trial court due to his limited access to any legal materials. Nor is there any indication that Stevens needed any additional materials on appeal or that his case was dismissed as a result of his limited access to legal materials. Indeed, Judge Springmann not only denied Stevens' habeas petition, but she also denied him a certificate of appealability. (*Id*. at DE 20.) Moreover, the court of appeals dismissed his appeal after considering the entire record because it found "no substantial showing of the denial of a constitutional right." (*Id. at* DE 48-1.) Thus, it is not plausible to find that Stevens' post-conviction appeal contained a potentially meritorious claim or that his lack of access to legal materials hindered his post-conviction case in this court or on appeal.

As a final matter, Stevens again moves for leave to proceed in forma pauperis. (DE 13.) The record reflects that Stevens has previously been granted leave to proceed in forma pauperis. (DE 6.)

For these reasons, Stevens' request for leave to proceed in forma pauperis is **DENIED AS MOOT** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 14, 2016

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court